UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| JASON DEEM on behalf of himself and all others similarly situated, JOSEPH PIERSON on behalf of himself and all other similarly situated, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | 4:11-cv-147-TWP-WGH |
| TRIPLETT STRIPING, INC. also known as TSI PAVING, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION TO
CONDITIONALLY PROCEED AS A COLLECTIVE ACTION**

On December 27, 2011, Jason Deem and Joseph Pierson (collectively "Plaintiffs") sued Triplett Striping, Inc. ("TSI" or "Defendant"), alleging that TSI violated the Fair Labor Standards Act of 1938 ("FLSA") by not being compensated for travel from their shop to the work site and not being paid an overtime rate for work beyond 40 hours per week.  (Plaintiffs' Complaint at ¶¶ 15-21).  Plaintiffs filed suit on behalf of themselves and all TSI employees similarly situated.  (Plaintiffs' Complaint at ¶¶ 9, 11, 22-28).  On May 29, 2012, Plaintiffs moved to Conditionally Proceed as a Collective Action Under the Fair Labor Standards Act of 1938, to Compel Defendant to Furnish the Names and Last Known Addresses of Those Individuals in the Collective Action, and for Permission to Send a Notice and Consent Document to All Individuals Who are

Similarly Situated in this Collective Action.  (Docket Nos. 19-20).  Plaintiffs asked that the collective action members be extended three years back from the filing of the complaint to the present date (Plaintiffs' Complaint at ¶ 11(a)); TSI laborers who worked more than 40 hours per week and were not paid overtime (*id.* at ¶ 11(b)); TSI laborers who were not properly compensated for time from the shop to the worksite (*id.* at ¶ 11(c)); and/or TSI laborers who were not properly compensated for travel from the worksite to the shop.  (*Id.* at ¶ 11(d); *see also* Plaintiff's Memorandum at 3).  This motion was referred to the Magistrate Judge for a report and recommendation.  (Docket No. 31).  For the reasons set forth below, the Magistrate Judge **RECOMMENDS** granting in part and denying in part the motion to conditionally proceed as a collective action.

**LEGAL STANDARD**

The Fair Labor Standards Act of 1938 (FLSA) allows for plaintiffs to sue employers "in [*sic*] behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  This is an "opt-in" action; no employee can be a party plaintiff unless he or she consents in writing to be in the collective group and this writing is filed with the court.  *Id.*  However, once an employee consents to being part of the collective action, any settlement or adjudication of the claims by the named Plaintiffs also binds the unnamed collective group members.  *See, e.g.*, *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1247 (11th Cir. 2008).  To proceed as a collective action, the collective group must be manageable.  29 U.S.C. § 216(b).

The Southern District of Indiana has adopted a two-step test for allowing an FLSA claim to proceed as a collective action.  First, to be allowed to conditionally proceed as a collective action, named Plaintiffs must make a threshold showing that they have a "reasonable basis for believing that they are similarly situated to potential class members."  (Plaintiffs' Memorandum at 8 (quoting *Craft v. Ray's, LLC*, 2008 WL 4810546, at *2 (S.D. Ind. Oct. 29, 2008)). The second step, "at the close of discovery, allows the defendant to move to dismiss the plaintiffs who have opted-in, in light of evidence gathered during discovery."  (Plaintiffs' Memorandum at 9 (quoting *Brickel v. Bradford-Scott Data Corp.*, 2010 WL 145348, at *2 (N.D. Ind. Jan. 11, 2010)).

Plaintiffs and Defendant agree that the Plaintiffs' burden at this stage is modest, and the entire case need not be proved at this stage.  (Plaintiffs' Memorandum at 8; Defendant's Response at 3).  Rather, Plaintiffs need only show through their complaint and affidavits a reasonable factual basis, going beyond conclusory allegations that fellow employees were part of a common, company-wide policy or scheme.  (Plaintiffs' Memorandum at 9-10 (citing *Molina v. First Line Solutions, LLC*, 566 F. Supp. 2d 770, 786 (N.D. Ill. 2007)). Since this conditional certification happens before discovery, Plaintiffs' factual allegations are accepted as true, just as they would be if Defendant was moving to dismiss pursuant to Federal Rule of Civil Procedure 12(b).  (Plaintiff's Memorandum at 8-9 (quoting *Fravel v. County of Lake*, 2008 WL 2704744, at *2 (N.D. Ind. July 7, 2008)).

3

**SIMILARLY SITUATED**

Plaintiffs claim that the complaint and affidavits from Deem and Pierson show that the employees were subject to a common scheme as it related to not being paid at the overtime rate for hours worked above 40 hours per week, not being paid for the time spent driving from the shop to the worksite, and not being paid for the time spent driving from the worksite to the shop.  (Plaintiffs' Memorandum at 10).

Plaintiffs need not plead with specificity the weeks in which they worked more than 40 hours per week but were not paid overtime.  Plaintiffs have both alleged a company-wide policy of not paying overtime in violation of the FLSA.  (Affidavit of Jason Deem ("Deem Aff.") ¶¶ 4-7, 14-18; Affidavit of Joseph Pierson ("Pierson Aff.") ¶¶ 4-11) and Pierson attached paystubs that he claims shows that he was paid only 40 hours per week during weeks he worked more than that.  (Pierson Aff. Ex. A).  The paystubs—which show Pierson being paid an hourly rate for exactly 40 hours or less—lend credence to Plaintiffs' allegations that TSI treated all its laborers as exempt (and thus not entitled to overtime pay) in violation of the FLSA.  (Deem Aff. ¶ 7; Pierson Aff. ¶ 7).  It also lends sufficient credence to Plaintiffs' allegation that Defendant's FLSA violation was willful.  (Plaintiffs' Complaint ¶ 31).  This makes the look-back period for determining the potential collective class three years from the date a class member opts in instead of two.  29 U.S.C. § 255(a).

Defendant claims all allegations based on hearsay must be excluded due to its inadmissible nature.  (Defendant's Response at 4).  As the briefs (which

are well done) point out, there is a conflict among districts in this circuit concerning the use of hearsay statements at this stage of conditional certification.  (*See generally* Defendant's Response at 4; Plaintiffs' Reply at 2-3). Although other districts have often taken a different view, the Southern District of Indiana does not usually exclude hearsay evidence outright when determining whether to conditionally certify; rather, the evidence must be properly weighed given the hearsay nature and amidst the overall evidence. (Plaintiffs' Reply at 2-3 (citing *Wiyakaska v. Ross Gage, Inc.*, 2011 WL 4537010, at *3 (S.D. Ind. Sept. 28, 2011); *Campbell v. Advantage Sales & Mktg., LLC*, 2010 WL 3326752, at *2-3 (S.D. Ind. Aug. 24, 2010) (citations omitted)).  As stated above, Pierson's paystubs provide support to the alleged FLSA violation. Therefore, this court does not disregard the alleged statements of Steve Triplett (Deem Aff. ¶ 7; Pierson Aff. ¶ 7) or Plaintiffs' alleged interactions with other employees (Deem Aff. ¶¶ 14-15; Pierson Aff. ¶¶ 8-9) in evaluating the overtime claim.  Moreover, this court is mindful of the information disparities between the parties at this stage and that the Defendant's work records produced in discovery will show to what extent, if at all, overtime work was not compensated.  This first step is a threshold determination, and the court should thus find the named Plaintiffs are similarly situated to the collective class members.

For the remaining two claims—that employees were not paid for time spent traveling from the shop to the worksite and vice versa—Defendant argues that the discrepancies between Deem and Pierson's affidavits undercut the

premise of a company-wide scheme. (Defendant's Response at 12). Deem's affidavit alleges not being compensated for this time, while Pierson's affidavit makes no mention of it. (*Id.*, citing Deem Aff. ¶¶ 8-18; Pierson Aff.). Deem provided no details, allegations from other employees, or other substance to back up his claim that employees were not paid for travel time to and from the shop. Defendant claims that because the allegations are so vague, Defendant can't respond to them, much less resolve any misunderstanding. (*Id.* at 13-14). The Magistrate Judge agrees with the Defendant. Deem can only say, "*There were times* I reported to the shop and picked up materials and tools before going to the job site." (Plaintiffs' Ex. 1 ¶ 8 (emphasis added)). His affidavit does not allege that any other specifically named employee was subject to this requirement. Plaintiffs have failed to show that this requirement—to show up at the shop to pick up materials before work—was a consistently imposed requirement for anyone besides Deem to demonstrate the existence of a "common scheme or plan."[1] Therefore, the Magistrate Judge **RECOMMENDS** Plaintiffs' motion to proceed conditionally as a class on the claims that employees were not paid for time spent traveling from the shop to the worksite and vice versa be denied.

### CLASS DEFINITION

As stated *supra*, the Magistrate Judge concludes that Plaintiffs have made at least a threshold showing that Defendant's FLSA violations were

---

[1] The affidavit of Maria Triplett (Defendant's Ex. A) does not have a bearing on the decision to conditionally certify this class, as—at this stage—the court does not weigh evidence or resolve disputed factual issues.

willful.  Therefore, the three year look-back period to determine eligible class members, rather than two years, is appropriate.  29 U.S.C. § 255(a).  However, Defendant correctly points out that the limitation period extends back not from the filing of the complaint, but rather to the date that a party plaintiff opts in. Therefore, the Magistrate Judge **RECOMMENDS** the conditional class definition be as follows:

> All persons who were employed by Triplett Striping, Inc., as a Laborer from three years prior to the date of this mailing.

Defendant claims that the substantive notice paragraph must be limited to workers who were not properly paid overtime wages.  (Defendant's Response at 17).  The Magistrate Judge agrees and therefore **RECOMMENDS** that Defendant's request that the "Composition of the Class" section of the proposed notice (Docket No. 19, Ex. 1) be modified should be granted in part to limit the class to those not properly paid overtime wages.  Plaintiffs state that they do not object to negotiating with Defendant over revising the remainder of the notice to potential class members.  (Plaintiffs' Reply at 6).  The Magistrate Judge **RECOMMENDS** that the parties negotiate over the remaining terms, with a final draft to District Judge Tanya Walton Pratt within 30 days of the date of this Report and Recommendation.

### Further Scheduling Matters

In light of the need for the parties to negotiate language, the deadlines in the Scheduling Order (Docket No. 17) must be amended.  A **TELEPHONIC STATUS CONFERENCE** to confirm progress on the notice, to address scheduling deadlines, and discuss the appropriate date for a settlement

conference is set for **MONDAY, NOVEMBER 5, 2012**, at **4:00 p.m.**, New

Albany time (EST).  Each counsel is to call (317) 229-3960.

      **SO RECOMMENDED** this 30th day of October, 2012.

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Copies to:**

All ECF-registered counsel of record via email